Brian Connery on behalf of Mr. Salinas. You need to keep your voice up. Yes, Your Honor. We received an email from the court asking that I discuss the Abebe case to some extent today, so I want to do that. First, I'm sure the court's aware that there's been a subsequent petition for re-hearing submitted after that opinion was issued. I've reviewed the opinion. If I can shorthand it to some extent, the page 19 of the opinion that was issued would be Mr. Salinas' opinion if Abebe's or argument if Abebe is going to control us. And I would think that if Abebe was going to control the result in this, the court might. I'm assuming the court would wait to Abebe was decided. I don't know if that's great for Mr. Salinas, as this has been a case that's been out there for a long time for him. So I have an alternative argument. But the argument made at page 19 of the concurrent opinion is that the comparable ground test should not apply to this because decisions about the size, scope and overlap of categories of the excludable offenses have no rational relationship to judgments about which aliens should be permitted to remain in our country and which should not. And I believe that's taken from the Comorinco concurrence that was filed where Judge Abebe is not completely foreclosing the discretionary authority of the attorney general to grant 212C relief to a deportable alien like your client. Isn't he nonetheless foreclosed from any relief, even under the regulations, for having suffered an aggravated felony? No, Your Honor. Not if we go with the concurrent opinion that Berzon wrote or the sent here at page 19. Well, there's no dispute that he suffered a aggravated felony or attempted sexual abuse of a minor. Is that correct? Well, if I had to do all over again, Your Honor, I might do it differently. But I didn't have that option. The question wasn't whether you would do it differently. The question is, is it not correct in the record here, it's undisputed that he suffered? That is the record, Your Honor, yes. So why doesn't that, putting Abebe aside for the moment, why doesn't that just foreclose any relief? Well, Your Honor, I'd ask the court to take a look at the Leon Paz case. Leon Paz is a case that is good precedent in the Ninth Circuit where an individual was not deportable at the time of his plea. Following his plea, he became an aggravated felon. The court distinguished Valesco Medina. I think is the name of the case that the government likes to cite in this matter. And said because the person had been not deportable at the time the offense was committed, like Mr. Salinas, he should be allowed at least 212C relief, because to do otherwise would be to treat him irrationally, because if he would have committed worse crimes or more crimes, for instance, if Mr. Salinas had committed two crimes of moral turpitude instead of just one at the time of his offense, he would have been eligible for 212C relief, but he only committed one crime. Or he could have committed a worse crime. He could have committed rape and been sentenced to five years prison. And under the prior law, he would have been eligible for 212C relief. And to treat Mr. Salinas differently because he didn't commit a worse crime than he did commit or wasn't sentenced to a greater sentence is an irrational result. And I'm relying on the Leon Paz and also, Your Honor, if I may, I'm relying on Cordis. I know Cordis was withdrawn, but the argument stated there, I guess, is I would rely on, not the case itself. Cordis is not even on the books anymore. Well, the argument there, Your Honor, is, and the argument there is the same argument that Mr. Salinas presented, he presented actually to Judge Mossman before Cordis was even decided. Let me ask you this. Doesn't the first part of the Abebe opinion foreclose any kind of equal protection analysis? Yes. So then I don't see how you can prevail here. I mean, I think Abebe is a problem for you one way or the other. Oh, okay, Your Honor. I understand. Salinas is different than Abebe. I mean, so as I understand the first part of the Abebe opinion, it says that under the statute, it grants relief, the 212C relief. It cannot be granted. It forecloses. It precludes any relief to deportable aliens. Your Honor, there's a strand in Abebe, and I don't know if this would be helpful or not, where it discusses if people have gone across the border and come back in after their crime. The record shows that Mr. Salinas did so after he traveled to Mexico, came back after his crime and before he was placed in proceedings. And I don't believe that's the case with Mr. Abebe. And there would be an opportunity, therefore, to argue. That, Mr. — that your client was really in — was being excluded, was in exclusion proceedings rather than relief? Nunc protunque, Your Honor. It allows — nunc protunque, as I understand it, if you traveled back to Mexico before the — before being placed into proceedings. And as I understand it, that's not excluded by Abebe. I don't know, and I know the Court hasn't asked me to address this, but I don't know why judicial estoppel would not apply to this. The government's changing its position on this matter. Before the immigration judge, before the EOIR, we were allowed a 212C hearing. That even happened before the BIA. And they totally changed their position and say we cannot have a 212C hearing. I have to presume — Well, they said you could have a 212C hearing, but then the BIA, when it did its de novo review, right there in the record that he suffered this conviction. And they said he's just not eligible at the get-go for a 212C relief. No, I understand that, Your Honor, but the government never argued that. And so I don't think the BIA had a right to do that, a right to say that. It can be a — the argument of the government stopped the BIA? Well, yeah, the government has to preserve their own arguments, just as I do. Judicial estoppel would prevent the government from now coming to this Court and arguing, oh, that the BIA is right. That's a different point. I mean, the BIA independently decided the issue, regardless of what was argued by the government. So what case authority do you have to support your argument that the government's position binds the BIA? Well, if I may back it up, Your Honor, I don't think the BIA had the power to make that statement. And then the government arguing in support of the BIA's decision is what I think is improper. I'd stand down, if I may, for a minute. Well, just let me ask you what case authority supports that argument, that the BIA didn't have the authority under novo review to address that legal issue? Just generally, Your Honor, that the arguments made to a court have to be preserved on the record and presented to the court. And I believe I have authority cited in my materials that support that. I'm sorry I can't give the court a cite at this second, but I know it's in there. I've got some time for rebuttal. May it please the Court, Stacey Young for the United States. This Court lapsed jurisdiction to review the immigration judge's denial of Salinas' request for Section 212C relief because she did so as a matter of discretion. Moreover, this Court lapsed jurisdiction to review Salinas' removal order generally because he was convicted as an aggravated felon. Because Salinas fails to raise any colorable constitutional claims, this case should be dismissed and the equal protection question should not even be reached by this Court. To begin with, this Court may not review the immigration judge's denial of 212C relief because it was a discretionary decision. This Court may not review the immigration judge's denial of Salinas' removal order   because it was a discretionary decision. Pursuant to 8 U.S.C. Section 1252A2B2. That's not the decision that the BIA rendered. Well, actually, the BIA. That's the last agency to. The BIA actually did explicitly affirm and adopt the immigration judge's decision. So, in effect, it did render that. The BIA didn't say he was ineligible because he was an aggravated felon? Well, the BIA. Well, no. The BIA adopted and affirmed the decision which denied 212C relief as a matter of discretion. It also added as almost a footnote that Salinas was, in addition, ineligible for 212C relief anyway. But the core of the decision was that the IJ's discretionary determination was upheld. But if the BIA adds an additional reason, don't we review both the decision of the IJ and the BIA decision? If the BIA adds an additional reason, don't we review both? In this case, there's really no need to because the discretionary determination was dispositive of the issue. The BIA was certainly free to add its own additional reasoning for upholding and affirming the immigration judge's decision, but there's no need in this particular case to even reach the question of eligibility because, as I said, the discretionary determination by the immigration judge, which was adopted and affirmed, is dispositive of the matter. In addition to the fact that this Court lacks jurisdiction to review the discretionary determination reached by the judge, the immigration judge generally lacks jurisdiction. So he does raise a few constitutional claims. He does indeed raise some constitutional claims. He raises a claim that falls within the ambit of Cordes, which is a withdrawn opinion. So the argument there, at least some, at least a former three-judge panel thought that that argument was somewhat colorful. Yes, but Cordes was vacated by this Court. In addition to that, you know, there was an argument that he's advancing here, which is advancing Cordes, and in that particular case. Indeed, there were some. Initially looked at, looked upon favorably by at least two judges. Indeed, Your Honor, is correct. Salinas does raise several constitutional claims. However, none of those constitutional claims are colorable. The equal protection claim is not colorable because, as I just mentioned, Cordes was vacated by this Court. And what the Court, this Court in Abebe held is that deportable aliens are not entitled to Section 212C relief. In addition, it denied an equal protection challenge to the eligibility of deportable aliens. And then the second part of the Abebe en banc opinion, when Judge Kaczynski is responding to the occurrence and the decision. I'm sorry. He said where the en banc opinion says, at one point it says, well, with respect to the regulation, if the Attorney General wants to, in his discretion, essentially in his discretion, wants to treat deportable aliens like excludable aliens, he can. What was that all about? Well, what the Court held is that in no case except the very narrow case reserved by the Supreme Court in St. Sir, under no circumstances would a deportable alien be eligible. And the Court held that because it found a rational basis for the distinction between deportable and inadmissible aliens. But what about the regulations that address that point? Oh, with regard to the regulations that still reserved eligibility for aliens who fit into that narrow. That was addressed by Judge Kaczynski, I think. That's correct. With regard to that, the general Abebe holding does not affect the eligibility of that very narrow class of aliens. That narrow class of aliens is not the class into which Salinas falls, however. Those aliens, like St. Sir, from the Supreme Court's St. Sir decision, would be an alien who was an aggravated felon at the time he pled guilty to a crime. And St. Sir, for example, pled guilty in reliance of 212C relief. That does not. Is it your position that the regulations address only that narrow circumstance and do not extend more broadly to put deportable aliens in the same class as excludable aliens? That's correct. And there's a very justifiable reason for continuing to provide 212C eligibility for aliens who are in that narrow circumstance. If an alien relied on 212C eligibility when he pled guilty to a crime before the passage of ARERA, that reliance, that settled expectation of relief, is a compounding reason to distinguish that class of aliens from the class of aliens represented by Salinas, who at the time of their plea were not aggravated felons. And because of the passage of AEPA, which happened before he pled guilty, there was no reason for him to rely on 212C relief. Therefore, the retroactive applicability of ARERA is completely rational. And that narrow group of aliens is not affected by the Ninth — by this Court's determination in NABBV. Well, if we were to conclude that we had jurisdiction to look at his constitutional claims, so beyond just the two parts of the BIA's decision, he basically isn't eligible for 212C relief in any of it, correct? That's absolutely correct. And an additional point I'd like to make, even if this Court were to reexamine the equal protection question in this case, he simply would have no more relief to get. What he's seeking is determination after the determination that he's eligible for 212C relief. He's looking for a hearing before an immigration judge to make a discretionary determination. In this case, he already had that hearing. And an immigration judge did indeed render a discretionary determination, finding that he was not entitled to the relief. Therefore, there's really no relief that can be accorded to Sylvanus, and therefore this Court lacks jurisdiction for that — jurisdiction for that reason as well. Okay. What you're saying is he already had the hearing. He lost. Exactly. For an additional reason in front of the BIA, he lost twice. We shouldn't hear it anymore. Exactly. Even if this Court finds that there's some kind of equal protection problem with the current framework of 212C eligibility, it has nothing to do with this case because he already obtained the relief he'd be seeking from this Court. In conclusion, Your Honor, Sylvanus is not eligible for 212C relief because he's not — it is not available to deportable aliens. And he could not have reasonably relied on such relief at the time of his plea. Even if he were eligible, because the immigration judge denied him 212C relief as a matter of discretion and he raises no colorable due process challenges, this Court lacks jurisdiction over his claims. Thank you. Your Honor, the hearing Mr. Sylvanus had doesn't deserve the name. The judge misstated the law. She misstated the facts. She found facts that made inferences from the facts that she made up out of thin air. For instance, she found that Mr. Sylvanus had a 6 to 7 percent chance of reoffending. The testimony was that he had a negative 1 percent chance of reoffending, according to the static exam. But the doctor could not say zero. So she said some negligible chance of reoffending. She applied 212H to this case. It was a 212C case. 212H does not apply. She talked about an initial evaluation for Mr. Sylvanus from 1996 as if it applied in 2003. It did not. He was off probation. He wasn't under those supervised conditions. He had remorse. He had shame. He broke down in videos with the sex offense therapist who was a doctor, a doctor from Chicago with many years' experience who in no way said it was possible that this victim was not a victim. And somehow the judge even says the victim is not a victim, possibly under Ms. Steinhauser's analysis. And it just was not a hearing. Okay. Thank you. We appreciate your arguments. The matter will be submitted. Our next case for argument is Clemente v. Oregon Department of Corrections. Thank you.
judges: Paez, Rawlinson, Collins